IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VAUGHN ANDERSON,                           :
    Plaintiff,                             :
                                           :
    v.                                     :    CIVIL ACTION NO. 26-CV-1228
                                           :
CAPT. PRIFTI, et al.,                      :
    Defendants.                            :

## ORDER

AND NOW, this 20th day of April, 2026, upon consideration of Plaintiff Vaughn Anderson's Declaration in Support of Motion to Proceed *In Forma Pauperis* (ECF No. 3), Prisoner Trust Fund Account Statement (ECF No. 3), *pro se* Complaint (ECF No. 1), and Motion to Appoint Counsel (ECF No. 4), it is **ORDERED** that:

1.    Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.    Vaughn Anderson, #QR-5986, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Camp Hill or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Anderson's inmate account; or (b) the average monthly balance in Anderson's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Anderson's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's

income credited to Anderson's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

3.      The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Camp Hill.

4.      The Complaint is **DEEMED** filed.

5.      For the reasons stated in the Court's Memorandum, the following claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii):

    a.   the claim against Defendant Bolden for excessive force;

    b.   any generalized claim of deliberate indifference against unspecified Defendants;

    c.   any claim against Defendant Kilson for deliberate indifference to medical needs or related to Kilson's involvement in the grievance process;

    d.   any claims against Defendants Medina, Prifti, Harris, Abrahams, and Bishop for failure to protect against inmate violence or claims stemming from resulting disciplinary proceedings;

    e.   any claims against Defendants McManus, Coley, and McKenzie for denial of access to courts or his attorney; and

    f.   any retaliation claims.

6.      The Clerk of Court is **DIRECTED** to send Anderson a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.

7.      Anderson is given thirty (30) days to file an amended complaint in the event he can allege additional facts to support the claims dismissed in paragraph five (5) of this Order. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Anderson's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 26-1228.  **If Anderson files an amended complaint, his amended complaint must be a complete document that includes all of the bases for Anderson's claims, including claims that the Court has not yet dismissed if he seeks to proceed with those claims.  Claims that are not included in the amended complaint will not be considered part of this case.**  When drafting his amended complaint, Anderson should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8.       If Anderson does not file an amended complaint the Court will direct service of his initial Complaint on Defendants Bolden, Mendez, Sobers, Hawkins, Brapham, and Watson only.  Anderson may also notify the Court that he seeks to proceed on these claims only, rather than file an amended complaint to cure the claims dismissed in paragraph five (5) of this Order. If he files such a notice, Anderson is reminded to include the case number for this case, 26-1228.

9.      The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

**BY THE COURT:**

s/ Catherine Henry
**CATHERINE HENRY, J.**