IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VAUGHN ANDERSON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-1228** |
| | : | |
| **CAPT. PRIFTI, et al.,** | : | |
| **Defendants.** | : | |

**ORDER**

AND NOW, this 18th day of August, 2026, upon consideration of Plaintiff Vaughn Anderson's Amended Complaint (ECF No. 12), and Motion to Appoint Counsel (ECF No. 13), as well as his motions to appoint counsel (ECF Nos. 4, 13) and his declaration for default (ECF 14), it is **ORDERED** that:

1. The case shall proceed at this time to service by the U.S. Marshal Service, in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), against the following Defendants, as outlined in the Court's accompanying Memorandum:

a. C.O. Bolden

b. C.O. Foster, Jr.

c. C.O. Jones

d. C.O. Polliver

e. C.O. Rogers

f. C.O. Johnson

g. C.O. Allen

h. Sgt. Rivera-Robinson

i. Dr. Sobers

j. C.O. Hawkins

k. C.O. Brapham

l. C.O. Watson

m. Nurse Brown

n. Sgt. Leca

o. C.O. Howard

p. Lt. Flippen

q. Lt. Radtke

r. C.O. Pierce

s. C.O. Glenn

t. C.O. Coley

u. Sgt. McManus

v. Sgt. Kilson

w. Sgt. Abrahms

x. Lt. Bishop

y. Capt. Prifti

z. C.O. Austin

2. Service cannot be made on the unidentified Defendants C.O. John Doe 1 or Dr. John Doe unless or until Anderson provides sufficient identifying information to allow for service. It is Anderson's responsibility to notify the Court of the Defendant(s) identities if/when that information is obtained.

3. The remainder of Anderson's Complaint is **DISMISSED WITHOUT PREJUDICE** on statutory screening pursuant to 28 U.S.C. § 1915(e) for failure to state a claim,

as outlined in the Court's accompanying Memorandum. Leave to amend is not granted at this time.

4. The Clerk of Court is **DIRECTED** to **ADD** the following Defendants to the caption:

a. C.O. Jones

b. C.O. Polliver

c. C.O. Rogers

d. C.O. Johnson

e. C.O. Allen

f. Nurse Brown

g. Sgt. Leca

h. C.O. Howard

i. Lt. Flippen

j. Lt. Radtke

k. C.O. Pierce

l. C.O. Glenn

m. C.O. Austin

5. The Clerk of Court is **DIRECTED** to **TERMINATE** the following Defendants:

a. Capt. Medina

b. Lt. McKenzie

c. C.O. Harris

6. In anticipation of service by the U.S. Marshal Service, the Clerk of Court is **DIRECTED** to send a copy of this Order to Anderson together with one copy of the U.S. Marshal Service of Process Receipt and Return Form USM-285 ("USM-285 Form") for each

Defendant listed in paragraph one (1) of this Order. The Clerk of Court is further **DIRECTED** to note the mailing on the docket.

7. To proceed with service, Anderson must complete a USM-285 Form for each Defendant listed in paragraph one (1) and return the completed form(s) to the Clerk's Office within **twenty-one (21) days** of the date of this Order. Service cannot be made by the U.S. Marshal Service until Anderson completes and returns these forms.

8. In completing the USM-285 Form(s), Anderson is instructed as follows:

a. Anderson should complete a separate USM-285 Form for each Defendant listed in paragraph one (1) of this Order. Only one Defendant's name should appear on each USM-285 Form.

b. Anderson shall not complete a USM-285 Form for any individual or entity that is not listed as a Defendant in paragraph one (1) of this Order, including but not limited to any Defendant who already has been dismissed from this case.

c. Anderson should include as much identifying information as possible for each Defendant, including the Defendant's first name, last name, and, where relevant, the Defendant's badge number.

d. Anderson must provide each Defendant's complete address at a location where that Defendant can be served. The U.S. Marshals Service cannot serve a Defendant at a P.O. Box address.

e. Anderson must sign the USM-285 Form(s) on the signature block marked "Signature of Attorney other Originator requesting service on behalf of: PLAINTIFF", and provide the date the form was signed.

f. Failure to include a proper address may result in the Defendant not being served and/or the dismissal of Anderson's claims against any such Defendant.

9. Anderson is cautioned that failure to return the completed USM-285 Form(s) in accordance with the above instructions may result in dismissal of this case for failure to prosecute without further notice from the Court.

10. The Clerk of Court is **DIRECTED** to docket any USM-285 Forms that Anderson returns in this case.

11. The Clerk of Court is **DIRECTED** not to issue summonses at this time. The Court will direct issuance of summonses upon receipt of properly completed USM-285 Forms.

12. The Motions to Appoint Counsel (ECF Nos. 4 and 13) are each **DENIED WITHOUT PREJUDICE** to renewal.

13. The Clerk is **DIRECTED** to **REFER** this matter to the Plaintiff's Prisoner Civil Rights Panel for the Eastern District of Pennsylvania for possible appointment of counsel.

14. In response to Anderson's declaration in support of an entry of default (ECF 14), the Clerk is **DIRECTED NOT TO ENTER DEFAULT** at this time against any defendant. Anderson declares that the defendants were served by U.S. Marshals on July 4, 2026, however the Court never ordered as much, nor were summonses issued by the Clerk. Instead, Anderson was given the option of amending his complaint or standing on the original and proceeding with service. Having received Anderson's amended pleadings, the Court will endeavor to review the new complaint so that it can direct the proper issuance and service of summonses

**BY THE COURT:**

s/ Catherine Henry

**CATHERINE HENRY, J.**